IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION

**FILED**

September 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9808-CC-00334 |
| Appellee, | ) | |
| | ) | Montgomery County |
| v. | ) | |
| | ) | Honorable Robert W. Wedemeyer, Judge |
| CEDRON ORGAIN, | ) | |
| | ) | (Coercion of a Witness) |
| Appellant. | ) | |

FOR THE APPELLANT:

MICHAEL R. JONES
District Public Defender
110 Sixth Avenue West
Springfield, TN  37172

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARK E. DAVIDSON
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

JOHN WESLEY CARNEY, JR.
District Attorney General

C. DANIEL BROLLIER, JR.
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN  37040-3420

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

On April 27, 1998, a Montgomery County jury convicted the defendant, Cedron Orgain, of one count of coercion of a witness. The trial court imposed an effective sentence of four years, with six months to be served in the county jail and the remainder of the sentence to be served in the Community Corrections Program. The defendant timely appealed, challenging the sufficiency of the evidence. Based upon our review of this matter, we affirm the decision of the trial court.

## FACTS OF THE CASE

The defendant was charged with selling cocaine to a confidential informant. On August 15, 1997, approximately two weeks before his scheduled trial for the cocaine sale, the defendant encountered the informant at an Exxon station in Clarksville.

The confidential informant testified that he went to the Exxon station, which was located next to his place of employment, and that as he walked into the store, he saw the defendant coming toward the entrance of the store. The informant went into the store, purchased a drink, and then left the store. He testified that the defendant had followed him into the store and stayed behind him while he completed the purchase. The defendant then followed him outside, and said to him, "We need to talk." The informant asked the defendant to leave, but the defendant refused. When the informant threatened to call the police, the defendant said, "You are the police. You're a narc . . . "I'd just as soon kill you." The informant then banged on the window of the store and asked the clerk to call the police.

On cross-examination, the confidential informant testified that the defendant never mentioned the upcoming trial or told the informant not to testify. Further, the defendant neither struck the informant nor physically threatened him. The informant testified he had been convicted of five prior felonies and then began working for the police as an informant.

The State introduced the testimony of Kim Chandler from the preliminary hearing in General Sessions Court. Chandler was an employee of the Exxon store on August 15, 1997. Chandler stated she knew both the confidential informant and the defendant as customers of the store, but did not know the defendant by name. Chandler heard the confidential informant banging on the store window and calling for the police. She walked outside and saw the two arguing. When the defendant tried to leave, the informant stood behind his car and told him not to leave. Chandler stated that the defendant could have bought a pack of cigarettes while in the store, but she did not know for sure.

The defendant testified that he lived about a half a block away from the Exxon store, which he went to often. On August 15, 1997, he went to the store to buy cigarettes and stated he did not know that the confidential informant was in the store when he purchased the cigarettes. After his purchase, the defendant walked outside the store toward his car, but then walked toward the pay phone because his pager went off. As he walked toward the pay phone, he said "excuse me" to the informant who had blocked his way to the pay phone. The defendant said he did not recognize the informant until he began yelling and cursing at the defendant. The informant told the defendant to "get away or I am going to call the police." The defendant responded by saying, "You are the police" and "You're a narc." He stated that the informant made motions suggesting he wanted the defendant to hit him. After arguing with the informant, the defendant walked back to his car to leave, but the informant blocked his way out of the parking lot. However, the defendant backed his car out of the lot and went home. He testified that at no time did he threaten the informant or mention the upcoming trial.

Sandy Olds, an officer with the drug task force which had utilized the informant, testified in rebuttal for the State. Olds stated that the defendant and the informant were in court at the same time for one of the defendant's earlier appearances, prior to the trial on the drug charges and, for a time, sat side by side in the courtroom. The State introduced this testimony to show that the defendant could have recognized the informant and known where he worked because of the informant's distinctive uniform. Olds's

3

testimony rebutted the defendant's assertion that he did not recognize the informant until he began yelling at the defendant.

After due deliberation, the jury found the defendant guilty of coercion of a witness. The trial court sentenced him to four years. After six months in jail, he was to serve the remainder of his sentence on Community Corrections. After denial of his post-trial motions, he timely appealed.

## DISCUSSION OF LAW

When a challenge is made to the sufficiency of the evidence, the standard for appellate review is whether, after considering the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The defendant's burden of showing insufficiency is heavy, since all conflicts in testimony are resolved in favor of the State, and the State is entitled to the strongest legitimate view of the evidence as well as all reasonable or legitimate inferences that may be drawn therefrom. State v. Burns, 979 S.W.2d 276, 287 (Tenn. 1998).

To support a conviction for coercion of a witness, Tenn. Code Ann. § 39-16-507 requires the State to prove beyond a reasonable doubt the defendant

> by means of coercion, influences or attempts to influence a witness or prospective witness in an official proceeding with intent to influence the witness to:
>
> (1) Testify falsely;
>
> (2) Withhold any truthful testimony, truthful information, document or thing; or
>
> (3) Elude legal process summoning the witness to testify or supply evidence, or to be absent from an official proceeding to which the witness has been legally summoned.

4

Tenn. Code Ann. § 39-16-507 (1991). Coercion is defined as a threat, however communicated, to commit any offense. Tenn. Code Ann. § 39-11-106(a)(3)(A) (1991). After a review of the record and considering the evidence in the light most favorable to the State, we find the State established all elements of the crime beyond a reasonable doubt.

The confidential informant testified that the defendant followed him into the store and then confronted him outside the store. According to the informant, the defendant then said, "I'd just as soon kill you." Based upon this testimony, the jury could find that the defendant threatened to commit an offense as contemplated in Tenn. Code Ann. § 39-16-506.

Intent to influence a witness may be inferred from the actions of a defendant. State v. Jonathan Moore, No. 03C01-9602-CC-00057, 1997 WL 65729, at *4 (Tenn. Crim. App., Knoxville, Feb. 13, 1997). The confidential informant had bought drugs from the defendant and testified against him at a preliminary hearing. During the confrontation at the Exxon station less than two weeks before the defendant's trial, the defendant told the confidential informant, "You are a narc" and "You are the police." The defendant then said, "I'd just as soon kill you." A rational trier of fact could have inferred these actions were intended to coerce the informant not to testify at the upcoming trial.

Based on our review, the evidence presented at trial was sufficient to support the conviction for coercion of a witness. For this reason, we affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

5

_____
JOE G. RILEY, JUDGE